UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD CAUDLE, CDCR #AB-6670,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; RICHARD J. DONOVAN CORRECTIONAL FACILITY; E. FRIJAS; CORRECTIONAL OFFICER ROMERO,<br><br>Defendants. | Case No.: 3:20-CV-0098-JLS-LL<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING DEFENDANTS CDCR, RJD, AND FRIJAS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1); AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT ROMERO PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 2) |

Plaintiff Ronald Edward Caudle, proceeding pro se and currently housed at Atascadero State Hospital located in Atascadero, California, has filed a Complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his rights under the Eighth and Fourteenth Amendment.

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a prison certificate of funds authorized by a CDCR accounting

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

official. *See* ECF No. 2 at 4–7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These records show Plaintiff had only $3.07 to his credit at the time his Complaint was submitted for filing with the Clerk of Court.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *see also Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Instead, the Court will direct the $350 total filing fee owed in this case be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

3

3:20-cv-0098-JLS-LL

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc*., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss)).

### B. *Plaintiff's Factual Allegations*

On July 18, 2019, Plaintiff was returning to his cell at RJD when he was "assaulted by three inmates." (Compl. at 3.) One of the inmates "punched" Plaintiff in the face while the other two inmates "threatened [him] with homemade prison knives." (*Id.*) Plaintiff alleges these events all "transpired in front of Correctional Officer Romero who stood by watching and laughing while the incident occurred." (*Id.*) Romero then "instructed the correctional officer in the control tower to open [Plaintiff's] cell door." (*Id.*) When his cell door opened, Plaintiff claims that "one of the inmates ran into [his] cell" and took

4

3:20-cv-0098-JLS-LL

Plaintiff's property. (*Id.*) These inmates also purportedly told Plaintiff "right in front of Correctional Officer Romero that if [Plaintiff] tried to tell anyone about what happened, they would stab [Plaintiff]." (*Id.*)

A week prior to this incident, Plaintiff claims Romero "tried to question [him] in regard to [Plaintiff] being a witness in a criminal case against correctional officers at Pelican Bay State Prison in the 90's and early 2000's." (*Id.*) Romero allegedly told Plaintiff that "inmates who told on officers ended up getting hurt." (*Id.*) Plaintiff further claims that one of the inmates who assaulted him "worked for Officer Romero as a porter." (*Id.*)

Plaintiff attempted to "tell several staff members[,] including the Warden, only to have [his] request for an interview and inquiry into the matter go unanswered." (*Id.*)

On July 25, 2019, Plaintiff approached Romero and told him that he "needed to be placed in administrative segregation to which he replied, 'take your bitch ass back to your cell.'" (*Id.* at 4.) Plaintiff "swallowed four razor blades and was taken to the outside hospital under suicide watch." (*Id.*)

Plaintiff claims that while he was at an outside hospital, his "personal property should have been secured by staff." (*Id.*) However, "Romero neglected his duties and in fact left [his] property unattended for two days during which time the majority of [his] personal property was stolen by other inmates." (*Id.*)

Plaintiff filed an administrative grievance on August 29, 2019 regarding "correctional officers' actions and the theft of [his] personal property." (*Id.* at 5.) However, to date, there has been "no response/decision given on this appeal" which purportedly violates "CDCR guidelines." (*Id.*)

Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. (*Id.* at 7.)

### C.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### D. Claims against CDCR and RJD

First, to the extent Plaintiff includes the CDCR and RJD as parties, his Complaint fails to state any claim against these Defendants upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

Neither the CDCR nor RJD are "persons" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state and thus, not a "person" within the meaning of § 1983); *see also Anderson v. California*, No. 3:16-CV-01172-LAB-JLB, 2016 WL 4127785, at *2 (S.D. Cal. Aug. 3, 2016) (sua sponte dismissing both CDCR and RJD pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because neither are "persons" subject to § 1983 liability).

Thus, Defendants CDCR and RJD are **DISMISSED** from this action for failure to state a claim.

### E. Grievance claims

Plaintiff appears to seek to hold Defendant Frijas liable for his role in responding to Plaintiff's administrative grievances. (*See* Compl. at 5.) However, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *Shallowhorn v. Molina*, 572 F. App'x. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).

///

1    Therefore, the claims against Defendant Frijas are **DISMISSED** from this action for failing to state a claim.

### F.     Property claim

Plaintiff alleges that when he was transferred to a "crisis bed," his "personal property should have been secured by staff and placed in storage" for him. (Compl. at 4.) Plaintiff alleges that Romero "neglected his duties" and left his property "unattended for two days during which time the majority of [Plaintiff's] personal property was stolen by other inmates. (*Id.*) "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). Neither the negligent nor intentional deprivation of property constitutes a due process claim under section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (holding that where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).

Deprivations of property resulting from negligence, or "mere lack of due care," do not deny due process at all and must be redressed through a state court damages action. *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id.* at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting *Parratt*, 451 U.S. at 545 (Stewart, J., concurring))). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

Thus, because Plaintiff claims Defendants deprived him of personal property, any remedy he may have lies in state court and his federal claims must be dismissed for failing to state a claim upon which § 1983 relief may be granted. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126–27.

### G. *Eighth Amendment claims against Defendant Romero*

As currently pleaded, the Court finds the remaining claims in Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims as to Defendant Romero that are "plausible on its face," *Iqbal*, 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners.")).

///

///

Therefore, the Court will direct the United States Marshal to effect service of summons of Plaintiff's Complaint as to Defendant Romero on Plaintiff's behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's claims against Defendants CDCR, RJD, and Frijas sua sponte based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **DIRECTS** the Clerk of the Court to terminate CDCR, RJD, and Frijas as Defendants in this matter.

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant Romero and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve them upon Defendant Romero. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant Romero may be served*, *see* S.D. Cal. CivLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Romero as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendant Romero, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Romero, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or her counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with

///

///

the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: March 10, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge