UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD CAUDLE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  20cv98-JLS-LL<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO TAKE DEPOSITION OF PLAINTIFF RONALD EDWARD CAUDLE,  AN INCARCERATED PERSON**<br><br>**[ECF No. 19]** |

On February 22, 2021, Defendants filed an ex parte application asking the Court for permission to take the deposition of Plaintiff Ronald Edward Caudle (AB6670), a person confined in state prison. ECF No. 19. In support, Defendants state that the request is made in accordance with Federal Rules of Civil Procedure 30(a)(2)(B) and 30(b)(4) and "[t]he record does not reflect any factors that argue against allowing Plaintiff's deposition." Id. at 1.

For good cause shown, Defendants' ex parte application is **GRANTED**. Upon reasonable notice to Plaintiff, Defendants may depose Plaintiff in accordance with the Federal Rules of Civil Procedure and the prison's rules and regulations, including the presence of correctional officers during the deposition, and may take the deposition by

remote means if they chose. The court reporter may also be remote provided that pursuant to Federal Rule of Civil Procedure 28, "a deposition will be deemed to have been conducted 'before' an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants." See Grano v. Sodexo Mgmt., 335 F.R.D. 411, 415 (S.D. Cal. 2020) (quoting Sinceno v. Riverside Church in the City of N.Y., No. 18-cv-2156 (LJL), 2020 U.S. Dist. LEXIS 47859, at *2 (S.D.N.Y. Mar. 18, 2020)).

**IT IS SO ORDERED.**

Dated:  February 24, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge